## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## JOHNSTOWN DIVISION

MICHAEL ENCARNACION and ANA
FRANCISCA ENCARNACION
RAMIREZ, as Next Friend,

   Petitioners,

  vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, DIRECTOR OF
ICE, and WARDEN, Moshannon Valley
Processing Center,

   Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:26-cv-00053

Christopher B. Brown
United States Magistrate Judge

### DEFICIENCY ORDER

**Christopher B. Brown, United States Magistrate Judge**

This matter is before the Court on the submission of a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 by Ana Francisca Encarnacion Ramirez as "next friend" for petitioner Michael Encarnacion, who is a non-citizen[1] that is presently detained in an immigration detention center located in the Western District of Pennsylvania. ECF No. 1, ¶3. The petition was lodged without payment of the filing or a motion for leave to proceed in forma pauperis.

Ana Francisco Encarnacion Ramirez filed the Petition as a "next friend" on behalf of her "spouse / partner" Michael Encarnacion. ECF No. 1-1, ¶ 1. The federal

---

[1]  This Memorandum Opinion uses the term "noncitizen" as equivalent to the statutory term "alien." *See Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020). *See* 8 U.S.C. § 1101(a)(3) ("[t]he term 'alien' means any person not a citizen or national of the United States.").

1

habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 petitions through Rule 1(b) and requiring the petition to be signed under penalty of perjury or by a person authorized to sign it for the petitioner under § 2242). In limited circumstances, persons unable to prosecute their own action may have third persons – "next friends" – stand in for them. *See Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third-party petitioner must satisfy two requirements: (i) "First, a 'next friend' must provide an 'adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); and (ii) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest, *id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'" *Dyer by and through Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL

2

2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

The Court assumes a wife has a genuine interest in her husband's wellbeing, but Ana Francisca Encarnacion Ramirez has provided no basis or reasoning for pleading in place of her spouse / partner, Michael Encarnacion.  Although Michael Encarnacion is in immigration detention, nothing in the current record shows he lacks access to the Court, is incapable, or is otherwise incompetent to file a petition on his own behalf.  *See Xu on behalf of Chen v. U.S. Immigr. & Customs Enf't*, No. 3:24-cv-294, 2025 WL 1640706, at *2 (W.D. Pa. Apr. 21, 2025) (finding that proposed next friend provided "no basis or reasoning for pleading in place of [an immigration detainee]").  Therefore, Ana Francisca Encarnacion Ramirez has not satisfied both requirements for "next friend" standing.

Furthermore, the Court of Appeals for the Third Circuit has held that a "non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020); *see also Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (explaining "next friend" standing – with an attorney – is proper where the applicant has a significant relationship with the real party in interest and is dedicated to the best interests of the real party). Accordingly, as a layperson, Ana Francisca Encarnacion Ramirez, cannot litigate this case as next friend without retaining an attorney.

For all these reasons, on or before **February 17, 2026**, Ana Francisca Encarnacion Ramirez must provide the Court with a basis or justification showing

3

that she qualifies for "next friend" status and is a licensed attorney admitted to practice before this Court.  Alternatively, on or before **February 17, 2026**, Michael Encarnacion may resubmit the Petition with his signature indicating his desire to prosecute this case pro se, at which time Ana Francisca Encarnacion Ramirez will be terminated as a party from the docket.

Failure to comply with this Order will result in the undersigned recommending this case be dismissed preservice as Ana Francisca Encarnacion Ramirez is not qualified and/or licensed to file a habeas petition on behalf of another person.  An order dismissing this case will not affect the legal right of Michael Encarnacion to bring an action either pro se or by counsel.

So **ORDERED** this 20th day of January, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    Michael Encarnacion
       A # 246-245-583
       Moshannon Valley Processing Center
       555 Geo Drive
       Philipsburg, PA 16866
       (via U.S. First Class Mail)

       Ana Francisca Encarnacion Ramirez
       2380 Duncan Street
       Philadelphia, PA 19124
       (via U.S. First Class Mail)

4